UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWARD G. McDONOUGH,

                       Plaintiff,

-against-

YOUEL C. SMITH III, aka Trey Smith, individually and as Special District Attorney for The County of Rensselaer, New York; RICHARD J. McNALLY, Jr., individually and as District Attorney for The County of Rensselaer, New York; KEVIN B. McGRATH; JOHN F. BROWN; WILLIAM A. McINERNEY; JOHN J. OGDEN; KEVIN F. O'MALLEY; DANIEL B. BROWN; ANTHONY J. RENNA; ALAN T. ROBILLARD; and THE COUNTY OF RENSSELAER, New York,

                       Defendants.

**ANSWER**

**Jury Trial Demanded**

9:15-CV-1505
(MAD)(DJS)

---

Defendant John J. Ogden, by his attorney, Eric T. Schneiderman, Attorney General of the State of New York, William A. Scott, Assistant Attorney General, of counsel, answers the verified complaint as follows:

1. The "Nature of the Action" section of the Complaint at pages 1-2[1] is a statement of the proceeding that does not require a response. To the extent that the Court requires a response, the defendant denies all allegations set forth in said section.

2. Deny the allegations contained in paragraphs (including all subparagraphs thereto) 1 – 17, 35, 113-114, 170-174, 178-179, 183, 199, 216, 218, 241-242, 250-251, 258-259, 262-263, 268, 274, 323, 325-327, 329, 332-333, 337, 343-349, 351-352, 361-364, 374-376, 382, 390, 396-397,

---

[1] Page references are to the automatically assigned pagination through the ECF system to Dkt. No. 1 in this matter.

403, 405-408, 415-416, 446, 458, 462-463, 469, 472-474, 480-481, 485, 488-490, 498, 500, 508, 510, 512-517, 520-524, 526-528, 536-537, 539-544, 551, 557, 560 569, 593, 596, 602-603, 608, 618, 624-630, 632-637, 640-641, 645, 647, 649-650, 653, 658, 660, 663, 669-673, 677-682, 686, 694, 696-698, 701-703, 705-707, 709, 712-715, 721, 725, 740-745, 755-757, 759-768, 775-778, 786-788, 791-792, 794, 797, 807-808, 810, 812, 842, 844, 846, 849, 851, 873-874, 876, 881, 889, 891, 893, 895, 900-903, 905, 915, 927-928, 941, 944-945, 947, 954-956, 963, 970, 977-978, 980-981, 983-984, 988, 991-993, 998-1000, 1006-1007, 1009-1012, 1016-1017, 1029, 1037-1038, 1045-1047, 1051, 1054, 1062-1069, 1073, 1093-1097, 1102, 1104-1106, 1108, 1111-1112, 1114-1115, 1119-1121, 1124, 1139, 1141-1144, 1155, 1157-1160, 1163, 1168-1172, 1174-1181, 1184-1186, 1188, 1191, 1194, 1196-1198, 1200-1212, 1214-1217, 1219.

3. Deny knowledge or information sufficient to form a belief as to the truth or veracity as to the allegations contained in paragraphs (including all subparagraphs thereto), and refers all questions of law contained therein to the Court 22-33, 36-48, 50-112, 115-168, 175-177, 180-182, 184-198, 200-212, 217, 219-240, 243-249, 252-257, 260-261, 264-267, 269-273, 275-321, 328, 331, 335 338-342, 350, 353-360, 365-373, 377-381, 383-389, 391-395, 399-402, 404, 409-411, 414, 417-421, 427-433, 436-444, 447-457, 459-461, 464-468, 470-471, 476-479, 482-484, 486-487, 491-497, 499, 501-507, 509, 511, 518-519, 525, 529, 531, 558-559, 561-562, 570, 573-589, 591-592, 594-595, 597-601, 604-607, 609-615, 623, 631, 638-639, 642-644, 646, 648, 651-652, 654-657, 659, 661-662, 664-668, 674-676, 683-685, 687-691, 695, 699-700, 711, 716-720, 722-724, 726-739, 748, 753-754, 769-774, 779-782, 789, 793, 795-796, 799-806, 813, 817, 821, 827-829, 840-841, 843, 845, 847-848, 850, 852-856, 858-862, 864, 866-872, 875, 877-880, 882-888, 892, 894, 896, 898-899, 904, 906-914, 916-926, 929-933, 935-940, 942-943, 946, 948-953, 958-959, 962, 964-965, 968-969, 972-976, 985-986, 989-990, 994-997, 1001-1005, 1008, 1015, 1020, 1030-1032, 1044, 1048-

1050, 1052, 1061, 1070-1072, 1075, 1077-1092, 1099-1101, 1103, 1109-1110, 1126, 1128, 1146, 1154, 1173, 1182-1183, 1187, 1189-1190, 1192-1193, 1195, 1220.

4. Admits the allegations contained in paragraphs 34, 322, 324, 530, 692-693, 708, 957, 960, 961, 967, 1021, 1199.

5. As to paragraphs 213-216, 330, 334, 336, 412-413, 422-426, 434-435, 445, 532-535, 538, 545-550, 552-556, 563-568, 571-572, 590, 616-617, 619-622, 704, 710, 746-747, 749-752, 758, 783-785, 790, 798, 809, 811, 814-816, 818-820, 822-826, 830-831, 857, 863, 865, 890, 897, 934, 966, 971, 979, 982, 987, 1013-1014, 1018-1019, 1022-1028, 1033-1036, 1039-1043, 1053, 1055-1060, 1074, 1076, 1098, 1107, 1113, 1116-1118, 1122-1123, 1125, 1127, 1129-1138, 1140, 1145, 1147-1153, 1156, 1161-1162, 1164-1167, Defendant respectfully refers the Court to documents and/or testimony referenced therein, as the best evidence. Defendant denies the allegations to the extent that they are inconsistent with referenced documents and to the extent that any wrongdoing by the defendant is alleged.

6. Paragraphs 18-21, 49, 1213, 1218 are statements of the proceeding and/or jurisdiction that do not require a response. To the extent that the Court requires a response, defendants deny all allegations contained in said paragraphs.

7. Denies the allegations contained in paragraphs 831-839, refers all questions of law therein to the Court and denies any and all allegations of wrongdoing.

8. Denies the allegations contained under the heading Demand for Punitive Damages, and denies that the Plaintiff is entitled to such an award.

9. Denies the allegations contained under the heading Prayer for Relief and denies that the Plaintiff is entitled to any relief from the Defendant.

10. The Complaint also contains various headings and subheadings that contain factual allegations, to the extent that a response to these headings is required, the Defendant denies the allegations contained therein and all allegations of wrongdoing.

11. Deny any allegation of the complaint not specifically responded to above.

**AS FOR THE FIRST DEFENSE**

12. The complaint fails to state a claim upon which relief can be granted.

**AS FOR THE SECOND DEFENSE**

13. At all relevant times, Defendant acted under the reasonable belief that his conduct was in accordance with clearly established law. He is, therefore, protected under the doctrine of qualified immunity.

**AS FOR THE THIRD DEFENSE**

14. The complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

**AS FOR THE FOURTH DEFENSE**

15. The complaint is barred by the applicable statute of limitations.

**AS FOR THE FIFTH DEFENSE**

16. The complaint is barred, in whole or in part, under the Eleventh Amendment.

**AS FOR THE SIXTH DEFENSE**

17. The arrest, detention and/or prosecution of the Plaintiff were reasonable and based upon probable cause to believe that the Plaintiff had committed a crime and/or offense.

**AS FOR THE SEVENTH DEFENSE**

18. That the Defendant, at all times complained of, acted reasonably and in good faith in the discharge of his official duties and responsibilities.

**AS FOR THE EIGHT DEFENSE**

19. That the Plaintiff's claims are barred by the intracorporate conspiracy doctrine.

20. Defendant demands a jury trial.

WHEREFORE defendant respectfully asks that this Court deny the relief requested, dismiss the complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
January 13, 2017

                ERIC T. SCHNEIDERMAN
                Attorney General of the State of New York
                Attorney for Defendant John Ogden
                The Capitol
                Albany, New York 12224-0341

By: *s/ William A. Scott*
William A. Scott
Assistant Attorney General, of Counsel
Bar Roll No.: 512434
Telephone No.: (518) 776-2255
Fax: (518) 915-7740 (not for service of papers)
Email: William.Scott@ag.ny.gov

To:    Brian D. Premo (VIA ECF)
       John W. Bailey (VIA ECF)
       Peter J. Moschetti, Jr. (VIA ECF)
       Stephen A. Pechenik (VIA ECF)
       Robert A. Becher (VIA ECF)
       Thomas J. O'Connor (VIA ECF)
       James E. Long (VIA ECF)
       Phillip G. Steck (VIA ECF)
       Abigail W. Rehfuss (VIA ECF)
       Stephen J. Rehfuss (VIA ECF)
       James A. Resila (VIA ECF)
       Diane Lufkin Schilling (VIA ECF)

       Anthony J. Renna
       102 Sherman Avenue
       Troy, New York 12180