**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD G. MCDONOUGH,**

                       **Plaintiff,**

  vs.                                                      1:15-cv-01505
                                                               (MAD/DJS)

**YOUEL C. SMITH, III, individually and as Special District
Attorney for the County of Rensselaer, New York a/k/a TREY
SMITH; RICHARD J. MCNALLY, JR., individually and as
District Attorney for the County of Rensselaer, New York;
KEVIN B. MCGRATH; JOHN F. BROWN; WILLIAM A.
MCINERNEY; JOHN J. OGDEN; KEVIN F. O'MALLEY;
DANIEL B. BROWN; ANTHONY J. RENNA; ALAN T.
ROBILLARD; THE COUNTY OF RENSSELAER, NEW YORK,**

                       **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **PREMO LAW FIRM**<br>20 Corporate Woods Boulevard<br>Albany, New York 12211<br>Attorneys for Plaintiff | **BRIAN D. PREMO, ESQ.** |
| **ANDERSON, MOSCHETTI LAW FIRM**<br>26 Century Hill Drive<br>Suite 206<br>Latham, New York 12110<br>Attorneys for Defendant McGrath | **PETER J. MOSCHETTI, JR., ESQ.** |
| **OFFICE OF JAMES E. LONG**<br>668 Central Avenue<br>Albany, New York 12206<br>Attorneys for Defendant McInerney | **JAMES E. LONG, ESQ.** |
| **ATTORNEY GENERAL OFFICE - ALBANY**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant Ogden | **WILLIAM A. SCOTT, AAG.** |

**ANTHONY J. RENNA**

102 Sherman Avenue
Troy, New York 12180
Defendant, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Edward G. McDonough ("Plaintiff") commenced this action by filing a 174 page, 1220 paragraph complaint on December 18, 2015, asserting three causes of action pursuant to 42 U.S.C. § 1983 ("Section 1983") against eleven named Defendants. *See* Dkt. No. 1. In a Memorandum-Decision and Order dated September 30, 2016, the Court dismissed Plaintiff's claims against Defendants O'Malley, Robillard, McNally, and John and Daniel Brown. *See* Dkt. No. 114. The Court dismissed all of Plaintiff's claims against Defendant McInerney except for Plaintiff's Section 1983 conspiracy to commit malicious prosecution claim. *See id.* at 51. In a Memorandum-Decision and Order dated December 30, 2016 (the "Prior Decision"), the Court dismissed all of Plaintiff's claims against Defendants Smith and the County of Rensselaer. *See* Dkt. No. 121 at 39. The Court dismissed all of Plaintiff's claims against Defendant Ogden except for Plaintiff's Section 1983 conspiracy to commit malicious prosecution claim. *See id.* at 39.

On January 13, 2017, Defendant Ogden filed a motion for reconsideration of the Court's December 30, 2016 Memorandum-Decision and Order, *see* Dkt. No. 123, which Plaintiff opposes, *see* Dkt. No. 127. Currently before the Court is Defendant Ogden's motion for reconsideration.

### II. BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case, which has been extensively discussed in the Court's prior rulings.

2

## III. DISCUSSION

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Defendant Ogden argues that the Court erred in not dismissing Plaintiff's claims against him. *See* Dkt. No. 123-1. Defendant Ogden claims that, since the underlying Section 1983 claims have been dismissed against Defendant Ogden, the Court should have also dismissed Plaintiff's conspiracy to commit malicious prosecution claim against Defendant Ogden. *See id.* at 6-7. Defendant Ogden further argues that the Court's reliance on *Dennis v. Sparks*, 449 U.S. 24 (1980), and *Carvel v. New York*, 369 Fed. Appx. 269 (2d Cir. 2010), is misplaced. *See id.* at 7-8. Accordingly, Defendant Ogden's current motion appears to be based on the third prong: the need

to correct a clear error of law or to prevent manifest injustice. Defendant Ogden does not point to any intervening change of controlling law or any new evidence that was previously unavailable.

In the Prior Decision, the Court was faced with the question of whether Defendant Ogden (and Defendant McInerney) could be liable for conspiracy to commit malicious prosecution when the underlying malicious prosecution claim was dismissed against Defendant Smith, the special prosecutor, on immunity grounds. *See* Dkt. No. 121 at 25-30. The Court began with the premise that, in order to state Section 1983 conspiracy claim, a plaintiff must first establish a constitutional deprivation giving rise to an underlying Section 1983 claim. *See DeMartino v. New York State Department of Labor*, 167 F. Supp. 3d 342, 373 (E.D.N.Y. 2016). The Court noted that, often, the reason that Section 1983 conspiracy claims are dismissed is that the plaintiff failed to allege a constitutional violation, and thus, failed to allege an underlying Section 1983 claim. *See* Dkt. No. 121 at 26-27; *see also Mitchell v. County of Nassau*, 768 F. Supp. 2d 545, 561-64 (E.D.N.Y. 2011) ("However, a § 1983 conspiracy claim fails as a matter of law where there is no underlying constitutional violation.") (citations omitted). The Court found that Plaintiff sufficiently stated a malicious prosecution claim against Defendant Smith, but that Defendant Smith is entitled to absolute immunity. *See* Dkt. No. 121 at 10-23. As such, Plaintiff sufficiently alleged that he suffered a constitutional violation, but the underlying Section 1983 claim was dismissed on immunity grounds. The Court found that Plaintiff did not directly state a malicious prosecution claim against any other Defendant, but that Plaintiff did sufficiently allege that several Defendants, including Defendant Ogden, conspired with Defendant Smith to maliciously prosecute Plaintiff. *See id.* at 23-30. Accordingly, this case presents the question of whether Plaintiff, who has sufficiently alleged a constitutional violation by a special prosecutor entitled to absolute immunity, can sustain a conspiracy claim against the prosecutor's co-

conspirators, despite the fact that Plaintiff has not alleged a direct malicious prosecution claim against those co-conspirators. The Court concluded that such a conspiracy claim should not be dismissed. *See id.* at 25-28.

The Court acknowledges that the Supreme Court's decision in *Dennis* does not answer this question, nor did the Court hold that it does in the Prior Decision. In *Dennis*, the Supreme Court held that a judge's immunity does not shield the judge's private co-conspirators from liability. *See Dennis*, 449 U.S. at 28-30. However, the Court noted that several cases relying on *Dennis* seem to suggest that such conspiracy claims as presented in this case should not be dismissed.

The Court cited the Second Circuit's summary order in *Carvel v. New York*, 369 Fed. Appx. 269, 270 (2d Cir. 2010). That case presented similar facts as *Dennis*, but the district court originally failed to consider the plaintiff's Section 1983 conspiracy claim. *See id.* at 270. On remand, the district court considered only the plaintiff's Section 1983 conspiracy claim. *See Carvel v. New York State*, No. 08 Civ. 3305, 2010 WL 1404154 (S.D.N.Y. Apr. 6, 2010). The implication from that case is that a conspiracy claim alone could survive a motion to dismiss, as long as the plaintiff sufficiently alleged the conspiracy claim and the deprivation of a constitutional right. *See id.* at *2.

The Court also cited *Douglas v. New York State Adirondack Park Agency*, 895 F. Supp. 2d 321 (N.D.N.Y. 2012), which Defendant Ogden does not mention in his motion or reply brief. In that case, the district court held that certain defendants (referred to by the court as the "AC Defendants") could still be liable as co-conspirators with respect to a Section 1983 malicious prosecution claim, despite the fact that the underlying prosecutors whom the AC Defendants allegedly conspired with had absolute prosecutorial immunity from a malicious prosecution claim. *See Douglas*, 895 F. Supp. 2d at 359 n.27. The court ultimately dismissed the plaintiff's

5

Section 1983 malicious prosecution claim against the AC Defendants, but held that the plaintiff's Section 1983 conspiracy claim against the AC Defendants should not be dismissed. *See id.* at 396 n.47. The court, relying on *Dennis*, stated that "the Court is unwilling to conclude that the fact that [the prosecutor defendants] are protected from liability as a matter of law by the doctrine of prosecutorial immunity (with respect to the bulk of Plaintiffs' Fourth Amendment malicious-prosecution claim . . . ) bars the liability of a co-conspirator (such as the AC Defendants) with respect to that claim." *Id.* at 359 n.27. The Court acknowledges that the plaintiff in that case also stated additional claims against the AC Defendants, but that case held that a prosecutor's immunity should not also shield the prosecutor's co-conspirators from liability. *See id.* at 359 n.27, 396 n.47.

Accordingly, the Court concluded that Plaintiff can sustain a Section 1983 conspiracy claim against Defendant Smith's co-conspirators, despite the fact that Defendant Smith is entitled to absolute immunity on Plaintiff's malicious prosecution claims. The implication from the cases cited by the Court is that a plaintiff can sustain a conspiracy claim against a prosecutor's co-conspirators, even if the prosecutor has been dismissed on immunity grounds.

Defendant Ogden further argues, on more than one occasion, that he is not trying to invoke Defendant Smith's immunity, and that "Plaintiff failed to allege any underlying claim of wrongdoing against Trooper Ogden." Dkt. No. 123-1 at 4, 8. However, as the Court explained in detail in the Prior Decision, Plaintiff has sufficiently alleged that Defendant Ogden conspired with Defendant Smith to maliciously prosecute Plaintiff. *See* Dkt. No. 121 at 29-30. Plaintiff alleges that Defendant Ogden participated with Defendant Smith during the investigation of the AB forgery scheme, where they allegedly buried evidence that implicated the actual culprits in order to effect a scapegoat prosecution of Plaintiff. *See id.*; *see also* Dkt. No. 1 ¶¶ 349, 472-73,

6

624-26. Plaintiff also alleges that Defendants Smith and Ogden purposefully did not obtain certain evidence that they knew would have exonerated Plaintiff. *See* Dkt. No. 1 ¶ 902. Moreover, Plaintiff alleges that Defendant Ogden assisted Defendant Smith in orchestrating a false personnel complaint against the New York State Police investigator who was performing an independent investigation of the AB forgery scheme, in order to impede that independent investigation. *See id.* ¶¶ 944, 1067-69. According to Plaintiff, that investigation ultimately led to overwhelming proof that several Defendants in this lawsuit were guilty of the forgery scheme. *See id.* ¶ 944. In sum, as discussed in more detail in the Prior Decision, Plaintiff has sufficiently alleged that Defendant Ogden and Defendant Smith acted in concert to maliciously prosecute Plaintiff, and Plaintiff alleges a number of overt acts by Defendant Ogden in furtherance of his agreement with Defendant Smith.

It is true that Plaintiff has failed to allege that Defendant Ogden is directly liable for Plaintiff's alleged malicious prosecution. As the Court noted, Plaintiff does not allege that Defendant Ogden initiated the prosecution, and "[o]nce control of a prosecution has passed to a prosecuting attorney, a police officer may only be liable for 'continuing' the prosecution if he or she '[insists] upon or [urges] further prosecution.'" *Burt v. Aleman*, No. 05-CV-4493, 2008 WL 1927371, *5 (E.D.N.Y. Apr. 30, 2008) (quoting *Dirienzo v. United States*, 690 F. Supp. 1149, 1158 (D. Conn. 1988)). Without alleging that Defendant Ogden initiated or continued Plaintiff's malicious prosecution, Plaintiff cannot state a claim for malicious prosecution against Defendant Ogden. However, as previously discussed, Plaintiff alleges that Defendant Ogden agreed and assisted Defendant Smith in burying evidence that implicated other operatives in order to maliciously prosecute Plaintiff, and in purposefully not obtaining evidence that would have exonerated Plaintiff. Likewise, Plaintiff alleges that Defendant Ogden helped Defendant Smith

7

impede an independent investigation that ultimately revealed the guilt of those operatives that Defendants Smith and Ogden were allegedly trying to protect. There are ample allegations of wrongdoing against Defendant Ogden in Plaintiff's 174 page complaint, and Plaintiff has sufficiently stated a Section 1983 conspiracy claim against him.

In sum, Plaintiff has alleged that a special prosecutor conspired with a number of individuals to effect a scapegoat prosecution of Plaintiff. Plaintiff has only alleged that the special prosecutor is directly liable for Plaintiff's malicious prosecution, but that others worked with this special prosecutor to assist in Plaintiff's malicious prosecution. This prosecutor has absolute immunity from Plaintiff's malicious prosecution claims. The Court is faced with the question of whether the other co-conspirators should be dismissed because the underlying claim against the special prosecutor has been dismissed and because Plaintiff has only directly stated a malicious prosecution claim against the special prosecutor. For all the reasons stated in the Prior Decision and articulated again in this ruling, the Court will not dismiss the conspiracy claims against the alleged co-conspirators. Although a complicated issue, Defendant Ogden has not pointed to any clear error of law made by the Court, or pointed to any other grounds sufficient to grant a motion for reconsideration. Accordingly, Defendant Ogden's motion for reconsideration is denied.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant Ogden's motion for reconsideration (Dkt. No. 123) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 8, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge