**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD G. MCDONOUGH,**

                        **Plaintiff,**

    vs.                                                    **1:15-cv-01505
                                                              (MAD/DJS)**

**YOUEL C. SMITH, III, individually and as Special District
Attorney for the County of Rensselaer, New York a/k/a TREY
SMITH; RICHARD J. MCNALLY, JR., individually and as
District Attorney for the County of Rensselaer, New York;
KEVIN B. MCGRATH; JOHN F. BROWN; WILLIAM A.
MCINERNEY; JOHN J. OGDEN; KEVIN F. O'MALLEY;
DANIEL B. BROWN; ANTHONY J. RENNA; ALAN T.
ROBILLARD; THE COUNTY OF RENSSELAER, NEW YORK,**

                        **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**PREMO LAW FIRM**                         **BRIAN D. PREMO, ESQ.**
20 Corporate Woods Boulevard
Albany, New York 12211
Attorneys for Plaintiff

**ANDERSON, MOSCHETTI LAW FIRM**     **PETER J. MOSCHETTI, JR., ESQ.**
26 Century Hill Drive
Suite 206
Latham, New York 12110
Attorneys for Defendant McGrath

**OFFICE OF JAMES E. LONG**                **JAMES E. LONG, ESQ.**
668 Central Avenue
Albany, New York 12206
Attorneys for Defendant McInerney

**ATTORNEY GENERAL OFFICE - ALBANY**   **WILLIAM A. SCOTT, AAG.**
The Capitol
Albany, New York 12224
Attorneys for Defendant Ogden

**ANTHONY J. RENNA**

102 Sherman Avenue
Troy, New York 12180
Defendant, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiff Edward G. McDonough ("Plaintiff") commenced this action by filing a 174 page, 1220 paragraph complaint on December 18, 2015, asserting three causes of action pursuant to 42 U.S.C. § 1983 ("Section 1983") against eleven named Defendants. *See* Dkt. No. 1. In a Memorandum-Decision and Order dated September 30, 2016, the Court dismissed Plaintiff's claims against Defendants O'Malley, Robillard, McNally, and John and Daniel Brown. *See* Dkt. No. 114. The Court dismissed all of Plaintiff's claims against Defendant McInerney except for Plaintiff's Section 1983 conspiracy to commit malicious prosecution claim. *See id.* at 51. In a Memorandum-Decision and Order dated December 30, 2016, the Court dismissed all of Plaintiff's claims against Defendants Smith and the County of Rensselaer. *See* Dkt. No. 121 at 39. The Court dismissed all of Plaintiff's claims against Defendant Ogden except for Plaintiff's Section 1983 conspiracy to commit malicious prosecution claim. *See id.* at 39.

On January 27, 2017, Plaintiff filed a notice of appeal to the Second Circuit, appealing only the dismissal of Plaintiff's claims against Defendant Smith. *See* Dkt. No. 124. On February 17, 2017, Plaintiff filed a motion for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to the dismissal of Plaintiff's claims against Defendant Smith. *See* Dkt. No. 131. Defendant Smith joined in Plaintiff's motion for entry of a final judgment. *See* Dkt. No. 133. On March 2, 2017, Magistrate Judge Stewart granted Defendant Ogden's request for a stay of discovery pending the resolution of Plaintiff's appeal. *See* Dkt. No. 135.

Currently before the Court is Plaintiff's motion, joined by Defendant Smith, for entry of a final judgment pursuant to Fed. R. Civ. P. 54(b) with respect to the dismissal of Plaintiff's claims against Defendant Smith.  *See* Dkt. Nos. 131, 133.

## II. BACKGROUND

The Court assumes the parties' familiarity with the factual background of this case, which has been extensively discussed in the Court's prior rulings.

## III. DISCUSSION

"In general, there is a 'historic federal policy against piecemeal appeals.'"  *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)) (other quotation omitted).  "Thus, in the federal district courts, the entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'"  *Id.* (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991)).  However, Fed. R. Civ. P. 54(b) provides an exception to this general principle:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Accordingly, for there to be a final judgment under Rule 54, "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment."  *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992) (emphasis omitted).  "The requirement that the district court make an express determination 'that there is no just reason for delay,' Fed. R. Civ. P. 54(b), means that the court

3

must provide a 'reasoned,' even if brief, 'explanation' of its considerations[.]" *Novick*, 642 F.3d at 310 (citing *Harriscom*, 947 F.2d at 629).

"To be appropriate, a Rule 54(b) certification must take account of both the policy against piecemeal appeals and the equities between or among the parties." *Id.* "It [is] therefore proper for the District Judge . . . to consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8 (footnote omitted). The Second Circuit has held that "a district court may properly make a finding that there is 'no just reason for delay' only when 'there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]'" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (quoting *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir. 1987)). One example of such hardship or injustice is "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims[.]" *Id.* (quoting *Cullen*, 811 F.2d at 711). The Second Circuit has cautioned that "the court's power under Rule 54(b) to enter a final judgment before an entire case is concluded should be exercised 'sparingly[.]'" *Id.* (quoting *Cullen*, 811 F.2d at 710).

In the present matter, the first two factors for Rule 54(b) certification are easily met. There are multiple claims and multiple parties present, as Plaintiff alleges distinct fabrication of evidence and malicious prosecution claims against eleven different Defendants, four of whom remain in this lawsuit. *See* Dkt. No. 1 ¶¶ 1209-20. With respect to the second element, "[a] claim is deemed finally decided '[i]f the decision ends the litigation [of that claim] on the merits and

4

leaves nothing for the court to do but execute the judgment entered on that claim.'" *Correspondent Servs. Corp. v. J.V.W. Inv. Ltd.*, 232 F.R.D. 173, 175 (S.D.N.Y. 2005) (quoting *Ginett*, 962 F.2d at 1092) (internal quotation marks omitted). Plaintiff's fabrication of evidence claim has been dismissed against all Defendants on statute of limitations grounds. *See Newspaper & Mail Deliverers' Union of N.Y. & Vicinity v. United Magazine Co.*, 829 F. Supp. 561, 565 (E.D.N.Y. 1993) (holding that a dismissal on statute of limitations grounds was final within the meaning of 28 U.S.C. § 1291). Moreover, Plaintiff's claim for malicious prosecution has been dismissed against Defendant Smith, and Defendant Smith has been terminated from this action entirely.

Since the first two factors are present, the Court must consider whether there is no just reason for delaying the entry of a final judgment. The claims that have been appealed are Plaintiff's fabrication of evidence and malicious prosecution claims against Defendant Smith. Plaintiff's fabrication of evidence claim was dismissed on statute of limitations grounds, and Plaintiff's malicious prosecution claim was dismissed against Defendant Smith on absolute prosecutorial immunity grounds. Plaintiff's remaining claim to be adjudicated before this Court is Plaintiff's conspiracy to commit malicious prosecution claim against Defendants McInerney and Ogden (and against Defendants McGrath and Renna, both of whom have not filed motions to dismiss). The Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated." *Curtiss-Wright*, 446 U.S. at 8. The Second Circuit has held that "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Ginett*, 962 F.2d at 1096. "Courts 'should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues

5

twice.'" *Richardson v. City of N.Y.*, No. 04 Civ. 05314, 2007 WL 1732424, *1 (S.D.N.Y. June 14, 2007) (quoting *Ginett*, 962 F.2d at 1095).

Here, although it may appear at first glance that the claims are inherently inseparable, the Court finds that the claims on appeal are sufficiently separable and unrelated to the claims remaining to be adjudicated. Plaintiff's remaining conspiracy claims are completely unrelated to the legal issue regarding whether the statute of limitations has expired on Plaintiff's fabrication of evidence claim, and there is no risk that the Second Circuit would have to decide this issue again on a subsequent appeal. Likewise, the issue of whether Defendant Smith is entitled to absolute prosecutorial immunity is completely unrelated to the remaining claims before this Court, at least from a legal standpoint, and there is no possibility that the Second Circuit would have to review this issue twice.[1] There is also no possibility that any decision by this Court could render the issues before the Second Circuit moot. The remaining litigation in this case, namely, the conspiracy to commit malicious prosecution claim against Defendants Ogden and McInerney (and two other remaining Defendants), has no bearing whatsoever on the distinct legal issues surrounding Plaintiff's appeal. If the Second Circuit reverses this Court's decisions, litigation before this Court would continue in relatively the same manner but with the addition of Defendant Smith. The Court acknowledges that the dismissed and surviving claims generally arise from the same underlying facts, which weighs against granting certification, but the legal

---

[1] Defendants Renna and McGrath still remain in this case and have not filed motions to dismiss, but there is no possibility that the issue of absolute prosecutorial immunity would arise as it relates to these Defendants such that the Second Circuit would have to review this issue twice. The only Defendant who acted as a special prosecutor in Plaintiff's underlying criminal proceedings was Defendant Smith, and the issue of his immunity will not come up again in this litigation.

6

issues are completely distinct and there is no chance that Plaintiff's appeal could be rendered moot or that the Second Circuit would have to decide the same issue twice.

The Court also finds that there is a danger of hardship and injustice that could be prevented by an immediate appeal. As discussed above, one example provided by the Second Circuit of such a hardship is "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims[.]" *Advanced Magnetics*, 106 F.3d at 16 (quotation omitted). That is precisely the situation presented here. To prove the conspiratorial liability of Defendants Ogden and McInerney, Plaintiff will have to prove the alleged underlying acts of Defendant Smith. As Plaintiff explains, "[t]hat proof concerns thousands of documents, dozens of witnesses and prior testimony concerning two (2) grand jury [proceedings] and two (2) jury trials that lasted for sixteen (16) weeks." Dkt. No. 131-1 at 12. If there is no immediate appeal and the Second Circuit ultimately reverses this Court's decision dismissing Defendant Smith, the parties would have to conduct substantially all of the same discovery again and possibly have a duplicative trial. *See Krasner v. Rahfco Funds LP*, No. 11 CV 4092, 2013 WL 12114473, *1 (S.D.N.Y. Feb. 20, 2013) ("Not entering judgment in favor of the moving defendants would only delay any potential appeal by plaintiffs and could result in duplicative litigation if the Court's dismissal of the moving defendants is ultimately reversed."). The Court also notes that Defendant Smith has joined in Plaintiff's motion for all of the reasons asserted therein. *See* Dkt. No. 133.

Accordingly, the Court finds that there is no just reason for delaying the entry of a final judgment, and Plaintiff's motion is granted.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a final judgment (Dkt. No. 131), joined by Defendant Smith (Dkt. No. 133), is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter final judgment as to the dismissal of Plaintiff's claims against Defendant Smith; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 8, 2017
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge