# UNITED STATES DISTRICT COURT

### for the
### NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EDWARD G. McDONOUGH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| YOUEL C. SMITH, III, *aka* Trey Smith, individually and as Special District Attorney for The County of Rensselaer, New York; RICHARD J. McNALLY, JR., individually and as District Attorney for the County of Rensselaer, New York; KEVIN G. McGRATH; JOHN F. BROWN; WILLIAM A. McINERNEY; JOHN J. OGDEN; KEVIN F. O'MALLEY; DANIEL B. BROWN; ANTHONY J. RENNA; ALAN T. ROBILLARD; and THE COUNTY OF RENSSELAER, New York; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:15-cv-01505 (MAD/DJS) |
| Defendants. | ) ) | |

---

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

---

DATED:  July 17, 2017

Respectfully submitted,

NAPIERSKI, VANDENBURGH,
NAPIERSKI & O'CONNOR, LLP

By:    s/Thomas J. O'Connor
      THOMAS J. O'CONNOR
      Bar Roll No.:  102285
      *Attorneys for Defendant-Respondent*
       *Youel C. Smith, III*
      296 Washington Avenue Extension
      Albany, New York 12203
      Telephone:  (518) 862-9292
      Facsimile:  (518) 862-1519
      E-Mail:  toc@nvnolaw.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ......................................................................................ii

POINT I

LEGAL STANDARD...................................................................................... 1

POINT II

DUE PROCESS FABRICATION OF EVIDENCE CLAIM
IS NOT MALICIOUS PROSECUTION'S ANALOG............................................. 2

POINT III

HECK DOES NOT COME INTO PLAY IN THIS CASE ..................................... 3

POINT IV

MANUEL v. CITY OF JOLIET EFFECTED NO RELEVANT
CHANGE IN THE §1983 ACCRUAL RULES ....................................................... 7

CONCLUSION........................................................................................................ 10

# TABLE OF AUTHORITIES

Page

**CASES**

Bailey v. City of N.Y.
79 F.Supp.3d 424 (E.D.N.Y. 2015) ............................................................................ 3

Bermudez v. City of New York
790 F.3d 368 (2 Cir. 2015)........................................................................................ 3

Bryant v. Serebrenik
2016 WL6426372, *8 (E.D.N.Y. 2016)..................................................................... 3

Creighton v. City of New York
2017 W.L. 636415 (S.D.N.Y. 2017)....................................................................... 2, 3

Doe v. New York City Dept. of Soc. Servs.
709 F.2d 782 (2 Cir. 1983), cert. denied 464 U.S. 864 (1983)).................................... 1

Edwards v. Balisok
520 U.S. 641 (1997).................................................................................................. 5

Heck v. Humphrey
512 U.S. 477 (1994)........................................................................................ 3, 4, 5, 6

Jean-Laurent v. Bowman
2014 W.L. 4662232 (E.D.N.Y. 2014)......................................................................... 3

Jovanovic v. City of New York
486 Fed.Appx. 149 (2 Cir. 2012) ............................................................................... 2

Keller v. Sobolewski
2012 WL 4863228 (E.D.N.Y. 2012) ........................................................................... 3

Manuel v. Joliet
137 S.Ct. 911 (2017).................................................................................. 1, 2, 7, 9, 10

Pinaud v. County of Suffolk
52 F.3d 1139 (2 Cir. 1995)........................................................................................ 8

Poventud v. City of New York
750 F.3d 121 (2 Cir. 2014)........................................................................................ 6

Quackenbush v. Allstate Ins. Co.
517 U.S. 706 (1996).................................................................................................. 5

**CASES CON'T**

Rentas v. Ruffin
816 F.3d 214 (2 Cir. 2016)...................................................................... 3

Ricciuti v. N.Y. City Transit Auth.
124 F.3d 123 (2 Cir. 1997)...................................................................2, 3

Shrader v. CSX Transp., Inc.
70 F.3d 255 (2 Cir. 1995)......................................................................... 1

Singleton v. City of New York
632 F.2d 185 (2 Cir. 1980)....................................................................7, 8

Smith v. Campbell
782 F.3d 93 (2 Cir. 2015)......................................................................4, 5

Soomro v. City of New York
174 F.Supp.3d 806 (S.D.N.Y. 2016).......................................................2, 3

Spak v. Phillips
857 F.3d 458 (2 Cir. 2017)........................................................................ 7

U.S. v. Sanchez
35 F.3d 673 (2 Cir. 1994)......................................................................... 1

United Airlines, Inc. v. Brien
588 F.3d 158 (2 Cir. 2009)........................................................................ 1

Wallace v. Kato
549 U.S. 384 (2007)...........................................................................4, 5, 6, 7

## POINT I

## LEGAL STANDARD

A court may reconsider its previous ruling if "(1) there has been an intervening change in controlling law; (2) there is new evidence; or (3) a need is shown to correct a clear error of law or to prevent manifest injustice." Doe v. New York City Dept. of Soc. Servs., 709 F.2d 782, 789 (2 Cir. 1983), cert. denied 464 U.S. 864 (1983). A motion for reconsideration should not be granted where the moving party seeks solely to re-litigate issues already decided. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2 Cir. 1995). Accordingly, a strong policy favoring finality inclines a district court to review prior rulings sparingly. U.S. v. Sanchez, 35 F.3d 673, 677 (2 Cir. 1994). A claim based on legal error is no substitution for appeal. United Airlines, Inc. v. Brien, 588 F.3d 158, 176 (2 Cir. 2009). The plaintiff asserts that his Rule 60(b) motion "is based on (1) the necessity to remedy clear error of law, prevent manifest injustice and intervening change in law by Manuel v. Joliet, [137 S.Ct. 911 (2017)]. (Plaintiff supporting MOL, p. 6). However, plaintiff fails to demonstrate *prima facie* a right to reconsideration under any of these predicates: (1) there is no clear error of law or manifest injustice in the Court's analysis and resolution of the accrual of plaintiff's due process fabrication of evidence claim; and (2) no intervening change in the

relevant law resulted from the Supreme Court's decision in <u>Manuel v. City of Joliet</u>, *supra*.

## <u>POINT II</u>

### DUE PROCESS FABRICATION OF EVIDENCE CLAIM IS NOT MALICIOUS PROSECUTION'S ANALOG

A §1983 due process claim based upon the alleged fabrication of evidence is not, in its rudiments, similar or analogous to a §1983 malicious prosecution claim. <u>Creighton v. City of New York</u>, 2017 W.L. 636415, *42 (S.D.N.Y. 2017). A due process fabrication of evidence claim is, we submit, *sui generis*, i.e., a stand-alone constitutional claim based on the alleged violation of a plaintiff's constitutional right to a fair trial. <u>Id</u>.; <u>Riccuiti v. N.Y. City Transit Auth.</u>, 124 F.3d 123, 130 (2 Cir. 1997).

To prevail on a §1983 due process fabrication of evidence claim, a plaintiff must show that an (1) investigating official; (2) fabricated evidence; (3) that is likely to influence a jury's decision; (4) forwards that information to prosecutor; and (5) the plaintiff suffers some deprivation of liberty as a result. <u>Jovanovic v. City of New York,</u> 486 Fed.Appx. 149, 152 (2 Cir. 2012); <u>Soomro v. City of New York</u>, 174 F.Supp.3d 806, 815 (S.D.N.Y. 2016).

For such a claim to succeed, there need be no trial; rather, "the claim [accrues] when fabricated information is forwarded to a prosecutor and results in some deprivation of a defendant's liberty." <u>Id</u>. Moreover, the deprivation need not

2

be in the form of post-trial confinement.  Id.; Jean-Laurent v. Bowman, 2014 W.L. 4662232, *3 n.1 (E.D.N.Y. 2014).

Significantly, unlike a §1983 malicious prosecution claim, probable cause and qualified immunity are not defenses to such a claim. Riccuiti v. N.Y. City Transit Auth. 124 F.3d 123, 130 (2 Cir. 1997); Bermudez v. City of N.Y., 790 F.3d 368, 376 (2 Cir. 2015); Creighton v. City of N.Y., 2017 WL636415, at *44 (S.D.N.Y. 2017);  Bryant v. Serebrenik, 2016 WL6426372, *8 (E.D.N.Y. 2016); Rentas v. Ruffin, 816 F.3d 214, 224 n5 (2 Cir. 2016)[1]. Further, unlike a §1983 malicious prosecution claim, a "favorable termination" is not a pre-requisite to the accrual of a §1983 due process fabrication of evidence claim. Bailey v. City of N.Y., 79 F.Supp.3d 424, 445 (E.D.N.Y. 2015); Keller v. Sobolewski, 2012 WL 4863228, *4 (E.D.N.Y. 2012); Riccuiti v. N.Y. City Transit Auth. 124 F.3d 123, 130-131 (2 Cir. 1997). Thus, they are discrete §1983 claims, and accrue at different times. Id.

## POINT III

## HECK DOES NOT COME INTO PLAY IN THIS CASE

In Heck v. Hemphrey, 512 U.S. 477 (1994), the Court held that where, after a conviction, a criminal defendant commences a §1983 civil action which, of

---

[1] "A jury finding any at retrial on remand that the prosecution was supported by independent untainted probable cause would defeat Rentas' malicious prosecution claim but not his fair trial claim."

necessity, challenges the legality of the conviction or sentence, the §1983 claim must be dismissed because such a claim does not accrue and is not legally cognizable unless and until the criminal conviction "has been reversed on direct appeal," or otherwise invalidated. Id., at 486. The Supreme Court and Second Circuit have made it explicitedly clear that the Heck deferral rule applies only where the plaintiff has been convicted in the underlying criminal prosecution and the conviction extant at the time of the §1983 action is commenced. Wallace v. Kato, 549 U.S. 384 (2007); Smith v. Campbell, 782 F.3d 93 (2 Cir. 2015).

In Wallace, the Supreme Court affirmed the Seventh Circuit's holding that where an arrest is followed by criminal proceedings, a §1983 claim for false arrest accrues when a claimant becomes detained pursuant to legal process. (Id., at 389-390). Kato contended that, under Heck, his suit didn't accrue until the State dropped the charges against him. (Id., at 392). The Court flatly rejected this argument:

> **What petitioner seeks…is the adoption of a principle that goes well beyond Heck: that an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside. The impracticality of such a rule should be obvious.** In an action for false arrest it would require the plaintiff (and if he brings the suit promptly, the court) to speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the pending civil action will impugn that verdict, see Heck, 512 U.S. at 487, n. 7…all this at a time when it can hardly be known what evidence the prosecution has in its

4

possession. And what if the plaintiff (or the court) guesses wrong and the anticipated future conviction never occurs, because of acquittal or dismissal? Does that event…trigger accrual of the action? Or what if prosecution never occurs – what will be the trigger then? **We are not disposed to embrace this bizarre extension of <u>Heck</u>. If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.** See id., at 487-488, n. 8….(noting that "abstention maybe an appropriate response to the parallel state-court proceedings"); <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 730…(1996)…**If the plaintiff is ultimately convicted, and if the civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. <u>Edwards v. Balisok</u>, 520 U.S. 641, 649...(1997); <u>Heck</u>, 512 U.S., at 487.** (emphasis supplied).

Thus, <u>Heck</u> will not delay the accrual of an action which would impugn *an anticipated future conviction*. (<u>Wallace v. Kato</u>, 549 U.S. at 393). Here, because plaintiff was not convicted <u>Heck</u> does not come into play.

The Second Circuit followed the <u>Wallace</u> rationale in <u>Smith v. Campbell</u>, 782 F.3d 93 (2 Cir. 2015). In <u>Smith</u>, the plaintiff alleged a First Amendment retaliation prosecution claim. In treating the accrual issue, the Circuit rejected plaintiff's effort to take advantage of the <u>Heck</u> deferral rule. Rather, the Court applied the traditional federal accrual rule, even though the full scope of plaintiff's

injury was not known, including whether or not plaintiff would be convicted. The

Circuit explained:

> As the Supreme Court explained in *Wallace* delayed accrual of the constitutional tort in *Heck* occurred because in that case there as an extant criminal conviction that, unless otherwise expunged, a federal court's finding of a constitutional violation under §1983 would necessarily "impugn." *Wallace*, 549 U.S. at 393…Put another way, *Heck* only comes into play potentially to delay accrual of an action when a resolution of that in a plaintiff's favor could not be reconciled with an extant criminal conviction. *Poventud*, 750 F.3d at 132…**The *Heck* rule does not delay the accrual of "an action which would impugn an anticipated future conviction."** Id. at 394-396.
>
>       \* \* \*       \* \* \*       \* \* \*
>
> Moreover, the First Amendment retaliatory prosecution claim here presents itself in a temporal posture similar to the unlawful arrest claim that the Supreme Court's decision in *Wallace* held accrued prior to any conviction. Just as in a false arrest claim, the cause of action here accrues when all of the elements necessary to state the claim are present, even though later developments in a related criminal action may ultimately effect the viability of the claim and a stay of the §1983 action may be appropriate which the criminal action pends. See *Wallace*, 549 U.S. at 394…    (Emphasis supplied).

Consequently, we submit, the plethora of cases cited by plaintiff in support

of his motion which involve the deferred accrual of a due process fabricated

evidence because of an extant conviction when the §1983 action was commenced

are not relevant to the accrual of plaintiff's due process fabrication evidence claim,

because he was acquitted.

## POINT IV

## MANUEL v. CITY OF JOLIET EFFECTED NO RELEVANT CHANGE IN THE §1983 ACCRUAL RULES

Plaintiff argues that Manuel v. City of Joliet, 137 S.Ct. 911 (2017) "represents a change in controlling law regarding the constitutional basis for such claims (now Fourth Amendment) but it also reiterates that point and rationale implies that the most analogous common law tort to such claims is malicious prosecution." (Plaintiff's Supporting MOL, p. 8). Initially, it appears that the plaintiff conflates the rule by which the statute of limitations for a §1983 claim is borrowed from the state and the separate rule by which the "accrual date of a §1983 cause of action is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (see also Spak v. Phillips, 857 F.3d 458, 462-463 (2 Cir. 2017)[2].

Under controlling federal law, accrual of a §1983 claim occurs "when the plaintiff can file suit and obtain relief." Wallace v. Kato, at 388, i.e., "when the wrongful act or omission results in damages…even though the full extent of the injury has not been predictable." Id. at 391. Consequently, accrual occurs when

---

[2] "When the question before a federal court is at what point a malicious prosecution claim accrued, 'favorable determination' is analyzed under federal common law, because the timing of accrual is a question of federal law. See, e.g., Wallace, 549 U.S. at 388, 127 S.Ct. 1091. When, by contrast, a federal court is analyzing a substantive merits of a plaintiff's claim, the definition of 'favorable determination' is analyzed under state law. See, e.g., Singleton, 632 F.2d at 193".

the plaintiff "knows or has reason to know of the injury which is the basis of his action." Singleton v. City of New York, 632 F.2d 185, 191 (2 Cir. 1980); Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2 Cir. 1995). Consequently, the Court committed no error by invoking the general or default accrual rule in its analysis of the timeliness of plaintiff's due process fabrication of evidence claim. (Dkt. No. 114, pp. 22; 26).

The Manuel decision does not even address the accrual issue. The case involved a §1983 action against the City of Joliet and several of its police officers alleging, *inter alia*, that the defendants violated Manuel's Fourth Amendment rights (1) by arresting him at the roadside without probable cause; and (2) by detaining him in custody after the "probable cause" hearing, based solely on fabricated evidence. (Id., at 916). The District Court dismissed Manuel's §1983 false arrest claim because it accrued at the time of his arrest and, therefore, was time-barred by Illinois' two year statute of limitations. (at 916).

The Court also dismissed Manuel's §1983 post-legal-process claim because Manuel relied on the Fourth Amendment, rather than the Due Process Clause of the Fourteenth Amendment. At the time, controlling Seventh Circuit law held that the only basis to challenge pretrial detention after the commencement of legal process was under a theory of substantive due process. (Id.). Further, binding Seventh Circuit precedent held that a §1983 malicious prosecution claim is only

cognizable under substantive due process if state law does not provide an adequate remedy – and Illinois, the Court held, did provide such a remedy. (Id.).

On appeal, Manuel challenged only the dismissal of his §1983 post-legal-process claim. (590 Fed.Appx. at 642). The Seventh Circuit affirmed the dismissal, reaffirming the District Court's rationale. (Id., at 643) ("When, after the arrest, a person is not let go when he should be, the Fourth Amendment gives way to the Due Process Clause as a basis for challenging his detention.").

The Supreme Court granted *certiorari* and reversed, holding that Manuel's §1983 post-judicial-process claim *may* be premised on the Fourth Amendment, even after a judicial determination of probable cause. (Manuel v. City of Joliet, 137 S.Ct. 911, 914 (2017)[3].

On the accrual issue, however, the Court demurred, remanding the issue to the Seventh Circuit for determination. The Court did, however, summarize the parties' positions with respect to that issue. Manuel argued that the claim accrued only upon the dismissal of the criminal charges, analogizing this claim, as he had throughout the litigation, to the common law tort of malicious prosecution. (Id., at 921). The City, on the other hand, contended that any Fourth Amendment post-legal-process claim accrue on the date of the initiation of legal process which

---

[3] The claim was uniformly characterized as a §1983 malicious prosecution claim throughout the Manuel litigation, including the *certiorari* pleadings. (See, Manuel v. City of Joliet, 2014 WL 551626, *1 (N.D. Ill., 2014); Manuel v. City of Joliet, 590 Fed.Appx. 641, 642-643 (7 Cir. 2015); Manuel v. City of Joliet, 2015 WL 9855124 (Petition for a *Writ of Certiorari*); Manuel v. City of Joliet, 2015 WL 9855122 (Response to Petition for *Writ of Certiorari*).

would make Manuel's Fourth Amendment post-legal-process claim untimely. (<u>Id</u>.).

Consequently, it is clear that the <u>Manuel</u> Decision does not purport to – nor does it – change existing Supreme Court or Second Circuit jurisprudence with respect to the accrual of a §1983 due process fabrication of evidence claim. The decision merely corrects the Seventh Circuit's error in precluding the assertion of the Fourth Amendment post-legal-process claim under the Fourth Amendment – nothing more.

## <u>CONCLUSION</u>

Based on the foregoing, the plaintiff has failed to demonstrate *prima facie* a right to reconsideration of the Court's dismissal of the plaintiff's due process fabrication of evidence claim against each defendant based upon the plaintiff's failure to commence the action and assert such claim within the applicable statute of limitations.

DATED: July 17, 2017            NAPIERSKI, VANDENBURGH,
                                         NAPIERSKI & O'CONNOR, LLP

                                      By:     s/Thomas J. O'Connor
                                             THOMAS J. O'CONNOR
                                             Bar Roll No.: 102285
                                     *Attorneys for Defendant Youel C. Smith, III*
                                     296 Washington Avenue Extension
                                     Albany, New York 12203
                                     Telephone: (518) 862-9292
                                     Facsimile: (518) 862-1519
                                     **E-Mail: <u>toc@nvnolaw.com</u>**

2017\05089\mcdonough mol in opposition to plaintiffs motion for reconsideration