**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD G. MCDONOUGH,**

                             **Plaintiff,**

   **vs.**                                                             **1:15-cv-01505**
                                                                              **(MAD/DJS)**

**YOUEL C. SMITH, III, individually and as Special District**
**Attorney for the County of Rensselaer, New York, a/k/a TREY**
**SMITH; KEVIN B. MCGRATH; WILLIAM A.**
**MCINERNEY; JOHN J. OGDEN; and ANTHONY J. RENNA,**

                                   **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **PREMO LAW FIRM**<br>20 Corporate Woods Boulevard<br>Albany, New York 12211<br>Attorneys for Plaintiff | **BRIAN D. PREMO, ESQ.** |
| **NAPIERSKI, VANDENBURGH LAW FIRM**<br>296 Washington Avenue Extension<br>Albany, New York 12203<br>Attorneys for Defendant Smith | **THOMAS J. O'CONNOR, ESQ.**<br>**DIANE LUFKIN SCHILLING, ESQ.** |
| **ANDERSON, MOSCHETTI LAW FIRM**<br>26 Century Hill Drive<br>Suite 206<br>Latham, New York 12110<br>Attorneys for Defendant McGrath | **PETER J. MOSCHETTI, JR., ESQ.** |
| **OFFICE OF JAMES E. LONG**<br>668 Central Avenue<br>Albany, New York 12206<br>Attorneys for Defendant McInerney | **JAMES E. LONG, ESQ.** |
| **ATTORNEY GENERAL OFFICE - ALBANY**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant Ogden | **WILLIAM A. SCOTT, AAG.** |

**ANTHONY J. RENNA**

102 Sherman Avenue
Troy, New York 12180
Defendant, *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

In a Memorandum-Decision and Order dated September 30, 2016, this Court dismissed Plaintiff's fabrication of evidence claim against all Defendants on statute of limitations grounds. *See* Dkt. No. 114 at 21-26. After the Court issued a second Memorandum-Decision and Order, which, among other things, dismissed Plaintiff's remaining claims against Defendant Smith, Plaintiff filed a notice of appeal to the Second Circuit, appealing only the dismissal of all claims against Defendant Smith. *See* Dkt. No. 124. On May 8, 2017, the Court granted Plaintiff's motion for entry of final judgment with respect to the dismissal of all claims against Defendant Smith. *See* Dkt. No. 142. Plaintiff has now filed a motion for reconsideration, arguing that the Court improperly dismissed Plaintiff's fabrication of evidence claim. *See* Dkt. No. 144.

Plaintiff argues that the Court failed to look to the most analogous common law tort when determining the accrual date for Plaintiff's fabrication of evidence claim. *See* Dkt. No. 144-2 at 11. The Court cited various cases within the Second Circuit that have held that a fabrication of evidence claim "accrues when the plaintiff learns or should have learned that the evidence was fabricated and such conduct causes the claimant some injury." Dkt. No. 114 at 23 (quoting *Bailey v. City of N.Y.*, 79 F. Supp. 3d 424, 444 (E.D.N.Y. 2015)). Plaintiff contends that his fabrication of evidence claim is more akin to a malicious prosecution claim, and, like his malicious prosecution claim, accrued upon the favorable termination of his criminal proceedings. *See* Dkt. No. 144-2 at 15-16. The Court notes that Plaintiff made these same arguments in an opposition brief before the Court dismissed Plaintiff's fabrication of evidence claim. *See* Dkt. No. 60 at 42-

2

53. Plaintiff also relies on the Supreme Court's recent decision in *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911 (2017), which was decided after this Court dismissed Plaintiff's fabrication of evidence claim. Plaintiff argues that "the Supreme Court implied in *Manuel* . . . that claims for deprivations of liberty related to a criminal prosecution without probable cause are most analogous to the common law tort of malicious prosecution which requires a favorable termination for its accrual." Dkt. No. 144-2 at 24.

Motions for reconsideration proceed in the Northern District of New York under Local Rule 7.1(g). *See Maye v. New York*, No. 1:10-cv-1260, 2011 WL 4566290, *2 n.6 (N.D.N.Y. Sept. 29, 2011). "'In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements.'" *Id.* (quoting *C–TC 9th Ave. P'ship v. Norton Co. (In re C–TC 9th Ave. P'ship)*, 182 B.R. 1, 2 (N.D.N.Y. 1995)). A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Maye*, 2011 WL 4566290, at *2 (quoting *In re C–TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, with the exception of Plaintiff's reliance on *Manuel*, which the Court will address below, Plaintiff solely seeks to relitigate the issue of the accrual date of his fabrication of evidence claim. Plaintiff made these same arguments in his briefing before the Court issued its

3

decision.  *See* Dkt. No. 60 at 42-53.  It is improper for Plaintiff to now attempt to relitigate that same issue on a motion for reconsideration.  Moreover, Plaintiff has still not provided the Court with any authority that contradicts established precedent in this Circuit that fabrication of evidence and malicious prosecution claims are distinct constitutional claims, and that fabrication of evidence claims accrue when the plaintiff learns, or should have learned, that evidence was fabricated, and that fabrication caused the plaintiff some injury.  *See* Dkt. No. 114 at 22-25.

In *Manuel*, the plaintiff was held in jail for nearly seven weeks after a county court judge, relying solely on allegedly fabricated evidence, determined that there was probable cause that the plaintiff committed a crime.  *Manuel*, 137 S. Ct. at 915.  The question before the Court was whether the plaintiff could challenge his pre-trial confinement, including his confinement after the onset of legal process, under the Fourth Amendment.  *See id.* at 916-17.  The Court held that "the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process." *Id.* at 920.  However, the Court explicitly left open the question of when such a claim accrues.[1]  *See id.* at 920-22.  The plaintiff analogized the claim to one of malicious prosecution and argued that the claim should accrue upon the termination of the criminal proceedings in his favor, while the defendant argued that the most analogous tort is false arrest, which accrues when legal process commences.  *See id.* at 921.  The Court remanded this issue back to the Seventh Circuit.  *See id.* at 922.

---

[1] As Defendant Smith points out, this claim was characterized as a Section 1983 malicious prosecution claim throughout the *Manuel* litigation.  *See* Dkt. No. 150 at 13 n.3; *Manuel v. City of Joliet, Ill.*, 590 Fed. Appx. 641 (7th Cir. 2015); Petition for Writ of Certiorari, *Manuel v. City of Joliet, Ill.*, No. 14-9496, 2015 WL 9855124.

As such, *Manuel* does not change existing precedent in the Second Circuit regarding the accrual rules for fabrication of evidence claims. In sum, Plaintiff has not identified any intervening change in controlling law or the need to correct a clear error of law.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 144) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 25, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge